UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN JOHNSON,

                Plaintiff,          9:14-cv-811
                                           (GLS/DEP)

        v.

RICHARD ADAMS et al.,

                Defendants.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Johnathan Johnson
Pro Se
89-A-1042
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

**FOR THE DEFENDANTS:**
Hon. Eric T. Schneiderman      DAVID J. SLEIGHT
New York State Attorney General  Assistant Attorney General
Main Place Tower
350 Main Street
Suite 300A
Buffalo, NY 14202

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Jonathan Johnson commenced this action against defendants alleging civil rights violations pursuant to 42 U.S.C. § 1983. (*See generally* Compl., Dkt. No. 4.)  Following discovery, defendants, save defendant David Rock, moved for summary judgment.  (Dkt. No. 19.)  When the motion was fully briefed, Magistrate Judge David E. Peebles raised an issue regarding the status of Rock.  (Dkt. No. 31.)  After some briefing, Judge Peebles ordered "defendants . . . to show cause why . . . Rock [wa]s not in default."  (Dkt. No. 35.)  In a Report and Recommendation (R&R) dated February 24, 2016, Judge Peebles recommended that the summary judgment motion be granted in part and denied in part.  (Dkt. No. 39 at 31.)  He also found that, by answering, Rock had appeared in the action,[1] and recommended that Rock should be given an opportunity to move for summary judgment, and that the remaining defendants — Richard Adams and Patrick Johnston — be afforded an opportunity to seek summary judgment a second time.  (*Id.* at

---

[1] The issue involving Rock is bizarre.  As acknowledged by Judge Peebles, the answer was apparently filed on behalf of all defendants, (Dkt. No. 39 at 29), and the summary judgment motion included an argument on Rock's behalf even though the motion was not noticed on behalf of Rock, (Dkt. No. 24 at 6-7).  Despite these indicia that the New York Attorney General was representing Rock, counsel claimed "Rock has not requested that the . . . Attorney General represent him in this action."  (Dkt. No. 32 at 1.)  Counsel also argued against entry of default judgment against Rock.  (Dkt. No. 36.)

2

31-32.) Pending are Johnson's objections to the R&R, (Dkt. No. 40), and motion for remand, (Dkt. No. 33). For the reasons that follow, the R&R is adopted and the motion for remand is denied.

## II. **Background**

During the period of time relevant to the pending objections, Johnson was incarcerated at Upstate Correctional Facility. (Compl. at 1.) Despite the fact that medical staff at Upstate treated Johnson for certain medical problems, namely, a sinus condition, dry skin, and chronic obstructive pulmonary disease for a time, (Dkt. No. 22, Attach. 5 at 18-19), Johnson contends that defendant Richard Adams, a physician, and defendant Patrick Johnston, a physician's assistant, directed medical staff at Upstate to cease treatment of Johnson's conditions in April and June 2010, (Compl. at 2, 4). In a declaration, defendant Nancy Smith, a nurse administrator at Upstate, explains that Johnson refused to comply with rules during medication rounds or otherwise refused to cooperate and abide by prison rules, which resulted in the denial of medication to Johnson on several occasions. (Dkt. No. 21 ¶¶ 1, 5-14, 16-21.) Johnson was familiar with at least some of the rules and procedures identified by Smith. (Dkt. No. 22, Attach. 5 at 45-46.) Johnson filed grievances regarding the denial of

3

medical treatment, (Dkt. No. 28, Attach. 3 at 16-25), which he claims led to retaliation by defendants George Waterson, Heath Baker, and Smith, (Compl. at 2-3).  A fuller statement of the facts is recited in the R&R.  (Dkt. No. 39 at 3-8.)

This action was commenced in New York State court and subsequently removed by defendants to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446.  (Dkt. No. 1.)  Johnson then moved to remand the case back to state court on the basis that removal was improper in light of the fact that New York courts have jurisdiction to hear his case and he has been barred from filing in federal court because of the three strikes provision of 28 U.S.C. § 1915(g), (Dkt. No. 2), which motion was denied, (Dkt. No. 14).  Defendants, with the exception of Rock, thereafter moved for summary judgement, (Dkt. No. 19), and Judge Peebles raised the question of Rock's participation in this lawsuit, (Dkt. No. 31), which prompted Johnson to again move for remand, (Dkt. No. 33).  Judge Peebles ultimately issued the pending R&R, (Dkt. No. 39), which is now ripe for review.

### III.  Standard of Review

**A.    Remand**

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This procedural rule is often referred to as "the rule of unanimity." *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). Unlike a jurisdictional defect for lack of subject matter jurisdiction, which mandates remand upon discovery at any time before entry of final judgment, *see* 28 U.S.C. § 1447(c), a violation of a procedural rule, like the rule of unanimity, is subject to waiver if not timely raised. *See Borden v. Blue Cross & Blue Shield of W. N.Y.*, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006) "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

**B.** **Objections to R&R**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y.S. Div. of Parole*, No. Civ.

904CV484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[2] *See id.*

### IV. Discussion

### A. Remand

The court first addresses Johnson's second motion for remand and his first "objection" to the R&R, which is substantively identical to the remand motion. (*Compare* Dkt. No. 33 at 4-5, *with* Dkt. No. 40 at 5-8.) Johnson argues that, because "Rock has not appeared within this action nor consented to the removal . . . therefore this court lack of subject-matter jurisdiction over the other defendant's motion to removed [sic]." (Dkt. No.33 at 4; Dkt. No. 40 at 8.) While Johnson's contention that a violation of the rule of unanimity results in a jurisdictional defect is erroneous,[3] he makes a good point that, if Rock was served in the state court action and

---

[2] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

[3] Subject matter jurisdiction speaks to "[j]urisdiction over the nature of the case and the type of relief sought." *Subject-Matter Jurisdiction*, Black's Law Dictionary (10th ed. 2014). This action, alleging claims pursuant to 42 U.S.C. § 1983 and seeking monetary relief, (Compl. at 4), are squarely within the subject matter jurisdiction of the court.

6

he did not consent to removal, the rule of unanimity was violated. Whether Johnson is correct or not, remand is not required.

It is beyond dispute that Johnson's remand arguments are well beyond the thirty day limit imposed for raising procedural defects in 28 U.S.C. § 1447(c). By failing to raise the issue in a timely manner, Johnson has waived the argument that the rule of unanimity was not satisfied. See *Borden*, 418 F. Supp. 2d at 270. For this reason, Johnson's motion for remand, (Dkt. No. 33), is denied and the arguments regarding remand made as part of his objections, (Dkt. No. 40 at 5-8), are rejected.

B.  **Objections to the R&R**

Johnson makes an admirable attempt to specifically object the R&R. (Dkt. No. 40 at 8-21.) He first contends that Judge Peebles' reliance on the fact that the grievances at issue in his retaliation claim did not identify Waterson, Baker, and Smith is inappropriate and contrary to well established law. (*Id.* at 9-13.) Johnson makes a host of arguments in support of that objection. What Johnson fails to appreciate, however, is that the R&R's recommendation of dismissal of the retaliation claim was premised on the more generic notion that there is an absence of proof that defendants had any knowledge of the grievances at the time Johnson

7

alleges that they retaliated, which is fatal to the claim. *See LeBron v. Selsky*, No. 9:05-CV-0172, 2010 WL 1235593, at *5 (N.D.N.Y. Mar. 31, 2010). For this reason, the first objection is without merit. Johnson's other objections — save for one, discussed below — are all repackaged versions of arguments he previously raised in his opposition to the summary judgment motion and warrant review for clear error.

Johnson's remaining specific objection is that there is no authority for permitting Adams and Johnston to file a second summary judgment motion. (Dkt. No. 40 at 19.) Because his assertion is without merit, *see Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) ("[W]e note that district courts enjoy considerable discretion in entertaining successive dispositive motions."), and Judge Peebles' recommendation is a reasonable exercise of discretion which may help avoid an unnecessary trial, the objection is unavailing.

Upon review of the remainder of the R&R, the court finds no clear error. The court notes, however, that Wright and Smith are entitled to judgment on the supervisory liability claim not because there is no underlying constitutional violation, (Dkt. No. 39 at 27-28) — indeed, the Eighth Amendment claims as asserted against Adams and Johnston for

8

the time period February 2011 to August 2012 survive the summary judgment motion — but, instead, because there is no evidence that implicates a valid means of establishing supervisory liability. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[4]  For all of these reasons, the R&R is adopted in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Johnson's motion for remand (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge David E. Peebles' Report and Recommendation (Dkt. No. 39) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED IN PART** and **DENIED IN PART** as follows:

> **GRANTED** with respect to Johnson's Eighth Amendment deliberate indifference claim against Adams and Johnston through January 2011; and

---

[4] While it appears that the same logic likely applies to the claim as against Rock and the court could enter judgment in favor of Rock given that Johnson was on notice of the argument, (Dkt. No. 24 at 6-7); *see Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000), the court is loathe to grant summary judgment in the absence of a formal motion by Rock.

**GRANTED** with respect to Johnson's supervisory liability claim against Wright and Smith; and

**GRANTED** with respect to Johnson's First Amendment retaliation claim against Waterson, Baker, and Smith; and

**DENIED** in all other respects; and it is further

**ORDERED** that Johnson's remaining claims are for: (1) deliberate indifference under the Eighth Amendment against Adams and Johnston for the period of February 2011 through August 2012; and (2) supervisory liability against Rock; and it is further

**ORDERED** that Adams, Johnston, and Rock may all move for summary judgment by April 15, 2016; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 23, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge